NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BABASOLA AROWSAYE,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF BELLEVILLE; BELLEVILLE POLICE DEPARTMENT; JOSEPH P. ROTUNDA, CHIEF OF POLICE; LT. JAMES GIULIANO; OFFICER ANTHONY PETRAZZUOLO; OFFICER ROCO DANISE; OFFICER AQUINO; OFFICER CASILLO; JOHN DOES NOS. 1-10,<br><br>Defendants. | Civil Action No. 2:13-4303 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND (ECF NO. 4) |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Law Division, Essex County Vicinage, pursuant to 28 U.S.C. § 1447. (ECF No. 4). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **granted**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that multiple members of the Belleville Police Department attacked him without provocation, causing him to suffer multiple, severe injuries. (Compl., ECF No. 1-1, ¶¶

6-24). Plaintiff also asserts that those officers wrongfully arrested him and charged him with a number of offenses that were ultimately dismissed, with prejudice. (Id. ¶¶ 25-35). Plaintiff filed a Complaint in the New Jersey Superior Court alleging multiple causes of action against Defendants, including a violation of the New Jersey Civil Rights Act, 10:6-1, et seq. (See generally, id.). On or about July 8, 2013, Defendant Township of Belleville ("Belleville") removed the case to this Court, contending that, because the Complaint alleged a claim under 42 U.S.C. § 1983, the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, and removal was therefore appropriate under 28 U.S.C. § 1441. (ECF No. 1 ¶¶ 2-5).

Plaintiff now requests that the Court remand the case to the New Jersey Superior Court, arguing that the Complaint's lone reference to 42 U.S.C. § 1983 was a typographical error and that, because the Complaint does not actually implicate federal law, the United States District Court lacks subject matter jurisdiction. (Pl. Br., ECF No. 4-3, at 4).

## II. LEGAL STANDARD – REMOVAL AND REMAND.

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Indeed,

2

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

## III. ANALYSIS

Defendant Belleville originally removed this case on the grounds that the District Court enjoyed subject matter jurisdiction over Plaintiff's claims. (Notice of Removal, ECF No. 1, ¶ 2). Belleville argued that removal was appropriate because Plaintiff alleged "causes of action arising under federal law and/or the United States Constitution" and, more specifically, 42 U.S.C. § 1983. (Id. ¶ 5).

In his motion to remand, Plaintiff contends that, while the heading for Count II of his Complaint mentions Section 1983, that reference was in error, and that his pleading seeks relief under New Jersey law, exclusively. (Pl. Br., ECF No. 4-3, at 3-4). While Belleville acknowledges that Plaintiff's explicit reference to Section 1983 was erroneous, (Def. Br., ECF No. 5, at 1), it contends that Plaintiff's subsequent allegations suggest that he is, in fact, seeking Section 1983 relief. Specifically, Belleville contends that, because Plaintiff seeks to impose the same sort of liability that the Supreme Court discussed in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), with regard to Section 1983 claims, Plaintiff must, therefore, necessarily be

3

pursuing a cause of action under that statute. (Def. Br., ECF No. 5, at 2). As Plaintiff correctly notes, however, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq., is an analog to Section 1983 and a claimant may seek Monell-type relief under that statutory scheme. See, e.g., Leenstra v. Then, 10-cv-5909 (JLL), 2013 U.S. Dist. LEXIS 23639, *46-47 (D.N.J. Feb. 21, 2013). Plaintiff has expressly disclaimed that he seeks relief under Section 1983 (a concession that will bind him throughout this litigation), and this Court is therefore satisfied that his claims are based solely on New Jersey law.

As Plaintiff's claims arise under New Jersey law, and no diversity jurisdiction exists under 28 U.S.C. § 1332, (see Compl., ECF No. 1-1, at 5) (alleging that Plaintiff is a New Jersey resident and that Defendant Belleville is a New Jersey municipality), this Court lacks subject matter jurisdiction over this matter. 28 U.SC. § 1447(c) requires, therefore, that the Court remand this case to the Superior Court of New Jersey.

## IV. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 4), be granted and that this matter be remanded to the Superior Court of New Jersey, Law Division, Essex County Vicinage.

Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.

4